UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/16/2026___

| | |
|---|---|
| CONOR FITZGERALD, *Derivatively on Behalf of Regeneron Pharmaceuticals, Inc.*,<br><br>Plaintiff,<br><br>-v-<br><br>LEONARD S. SCHLEIFER et al.,<br><br>Defendants. | No. 25-cv-5056 (MKV)<br><br>OPINION & ORDER DENYING MOTIONS TO REMAND |
| VICKI L. JOHANSEN, *Derivatively on Behalf of Regeneron Pharmaceuticals, Inc.*,<br><br>Plaintiff,<br><br>-v-<br><br>LEONARD S. SCHLEIFER et al.,<br><br>Defendants. | No. 25-cv-5058 (MKV) |
| DEBORAH KUHNS, *Derivatively on Behalf of Regeneron Pharmaceuticals, Inc.*,<br><br>Plaintiff,<br><br>-v-<br><br>LEONARD S. SCHLEIFER et al.,<br><br>Defendants. | No. 25-cv-7576 (MKV) |

1

RAINER MACHEK, *Derivatively on Behalf of Regeneron Pharmaceuticals, Inc.*,

Plaintiff,

-v-

LEONARD S. SCHLEIFER et al.,

Defendants.

No. 25-cv-9506 (MKV)

MARY KAY VYSKOCIL, District Judge:

Each of the above-captioned actions was filed in the Supreme Court of the State of New York, removed to the United States District Court for the Southern District of New York, and assigned to this Court's docket as related to a consolidated shareholder derivative action, *In re Regeneron Pharmaceuticals, Inc. Derivative Litigation*, 25-cv-459 (the "Consolidated Derivative Action), which is currently stayed pending the resolution of a motion to dismiss an earlier-filed putative securities class action, *Radtke v. Regeneron Pharmaceuticals, Inc.*, 25-cv-145 [*see* 25-cv-5056, ECF No. 1; 25-cv-5058, ECF No. 1; 25-cv-7576, ECF No. 1; 25-cv-9506, ECF No. 1]. Before the Court are the plaintiffs' separate but substantially identical motions to remand these actions back to state court [25-cv-5056, ECF No. 9; 25-cv-5058, ECF No. 9; 25-cv-7576, ECF No. 10; 25-cv-9506, ECF No. 12]. Because the plaintiffs' state-law claims necessarily raise federal issues, which are actually disputed, substantial, and can be resolved in federal court without disrupting the federal-state balance, and for all of the reasons set forth below, the motions to remand these actions are DENIED. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

2

## I.   BACKGROUND

### A. Facts

The complaints that the different plaintiffs filed in state court all contain substantially the same allegations [25-cv-5056, ECF No. 1-1 ("Fitzgerald Compl."); 25-cv-5058, ECF No. 1-1 ("Johansen Compl."); 25-cv-7576, ECF No. 1-1 ("Kuhns Compl."); 25-cv-9506, ECF No. 1-1 ("Machek Compl.")].[1]  The Fitzgerald Complaint and the Johansen Complaint begin by expressly stating, verbatim, including a typographical error: "This is a shareholder derivative action brought for the benefit of Regeneron against the Individual Defendants . . . for their mismanagement of Regeneron which lead [sic] to Regeneron's *violation of federal law*."  Fitzgerald Compl. ¶ 1 (emphasis added); Johansen Compl. ¶ 1 (emphasis added).  The Kuhns Complaint and the Machek Complaint—which were filed in state court after Defendants had removed the first two actions to this Court arguing that they are premised on violations of federal law—omit that first paragraph but contain the same substantive allegations.  *See* Machek Compl. ¶¶ 4, 61, 75, 87, 100 ("the Individual Defendants caused the Company to violate federal law"), 116, 159, 177, 221, 237, 253; Kuhns Compl. ¶¶ 4, 36, 40, 44, 45, 49, 52.

As the complaints themselves make clear, the allegations in these cases are rooted in *United States v. Regeneron Pharmaceuticals, Inc.*, 1:20-cv-11401-PBS (D. Mass.) (the "DOJ Action"), a False Claims Act case filed by the Department of Justice against Regeneron in the United States District Court for the District of Massachusetts.  *See* Fitzgerald Compl. ¶ 4; Johansen Compl. ¶¶

---

[1] The Fitzgerald Complaint and the Johansen Complaint are virtually word-for-word identical, while the Kuhns Complaint and the Machek Complaint differ (from the other two pleadings and each other) in detail but not in terms of the substance of the principal allegations, described below.  In substance, each complaint alleges that Defendants artificially inflated Medicare reimbursements by improperly failing to deduct reimbursements for credit card processing fees from the "Average Sales Price" that Regeneron reported for its drugs.  Unlike the other complaints, the Machek Complaint also contains allegations that Defendants individually profited from sales of stock while the price allegedly was artificially inflated.

3, 4; Kuhns Compl. ¶¶ 4, 46; Machek Compl. ¶ 14; *id.* at 1. They allege that Regenron is a biotechnology company, and one of its main products is a set of medications for wet age-related macular degeneration called Eylea and Eylea HD. *See* Fitzgerald Compl. ¶ 2; Johansen Compl. ¶ 2; Kuhns Compl. ¶ 1; Machek Compl. ¶ 2. They further allege that Eylea and Eylea HD are "buy-and-bill" drugs, which means doctors buy them from a distributor and bill Medicare (or Medicaid or a private insurer) after administering the drugs to patients. Machek Compl. ¶ 5; *see* Fitzgerald Compl. ¶ 3; Johansen Compl. ¶ 3; Kuhns Compl. ¶ 2. Medicare reimburses doctors based on the Average Sales Price ("ASP") reported by Regeneron to Centers for Medicare and Medicaid Services. Fitzgerald Compl. ¶ 3; Johansen Compl. ¶ 3; Kuhns Compl. ¶ 2; Machek Compl. ¶ 5. The complaints here, like the DOJ Action, allege that, pursuant to a statute that directs drug manufacturers calculating the ASP to subtract certain "price concessions," Regeneron was supposed to exclude credit card fee reimbursements but, instead, knowingly inflated the reported ASP. Fitzgerald Compl. ¶¶ 3, 4; Johansen Compl. ¶¶ 3, 4; Kuhns Compl. ¶ 3; Machek Compl. ¶ 5. After the DOJ Action was filed, Regeneron's stock price declined. Fitzgerald Compl. ¶ 5; Johansen Compl. ¶ 5; Kuhns Compl. ¶ 5; Machek Compl. ¶ 190.

The Fitzgerald Complaint and the Johansen Complaint assert state law claims for breach of fiduciary duties and unjust enrichment. Fitzgerald Compl. ¶¶ 54–60; Johansen Compl. ¶¶ 54–60. The Kuhns Complaint asserts only a claim for breach of fiduciary duties. Kuhns Compl. ¶¶ 66–71. The Machek Complaint asserts claims for breach of fiduciary duties, unjust enrichment, and waste of corporate assets. Machek Compl. ¶¶ 271–85.

**B. The Earlier-Filed Actions in this Court.**

Before the plaintiffs here filed their actions in state court, other parties filed several actions in this Court. First, a putative securities class action was filed, *Radtke v. Regeneron*

*Pharmaceuticals, Inc.*, 25-cv-145, asserting claims based on the same basic allegations that Regeneron artificially inflated its ASP calculations, and thereby its stock price, by failing to deduct reimbursements for credit card processing fees (the "Securities Action"). Thereafter, two shareholder derivative actions based on the same allegations were filed, and the Court issued orders consolidating those derivative actions and staying the consolidated shareholder derivative action pending resolution of the motion to dismiss the Securities Action. *See In re Regeneron Pharms., Inc. Derivative Litigation* (the "Consolidated Derivative Action") [25-cv-459, ECF Nos. 9, 16].

## C. These Proceedings

Approximately five months after the first shareholder derivative action was filed in this Court, the Fitzgerald Complaint was filed in the Supreme Court of the State of New York, County of Westchester, and Defendants removed [25-cv-5056, ECF Nos. 1, 1-1]. In their Notice of Removal, Defendants invoked the Court's federal question jurisdiction, under 28 U.S.C. § 1331, on the ground that "[t]he Supreme Court has held that a case 'aris[es] under the . . . laws . . . of the United States' when 'a state law claim [1] necessarily raise[s] a stated federal issue, [2] actually disputed and [3] substantial, [4] which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities'" [25-cv-5056, ECF No. 1 ¶ 9 (quoting *Grable & Sons Metal Prods., Inc. v. Darue, Eng'g & Mfg.*, 545 U.S. 308, 314 (2005))]. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013) (the "*Grable-Gunn* Test"). Defendants also filed a Statement of Relatedness, representing that the removed Fitzgerald action should be treated as related to the Consolidated Derivative Action [25-cv-5056, ECF No. 3]. The Court accepted the case as related.

Thereafter, over the course of approximately six months, this process repeated itself in the other three actions at issue. The plaintiffs separately filed cases in state court, Defendants removed

each case pursuant to the *Grable-Gunn* Test, Defendants filed Statements of Relatedness, and the Court accepted the removed cases as related [25-cv-5058, ECF Nos. 1, 1-1, 3; 25-cv-7576, ECF Nos. 1, 1-1, 3; 25-cv-9506, ECF Nos. 1, 1-1, 3].

After the cases were removed, the plaintiffs in each case filed a motion to remand [25-cv-5056, ECF Nos. 9, 10 ("Fitzgerald Mem."); 25-cv-5058, ECF Nos. 9, 10 ("Johansen Mem."); 25-cv-7576, ECF Nos. 10, 11 ("Kuhns Mem."); 25-cv-9506, ECF Nos. 12, 14 ("Machek Mem.")]. The plaintiffs argue that their state law claims do not satisfy the *Grable-Gunn* Test, although Kuhns concedes that federal issues are necessarily raised. Kuhns Mem. at 6. Defendants filed oppositions to the motions to remand [25-cv-5056, ECF No. 13 ("Opp."); 25-cv-5058, ECF No. 13; 25-cv-7576, ECF No. 12; 25-cv-9506, ECF No. 15]. The plaintiffs filed replies [25-cv-5056, ECF No. 14; 25-cv-5058, ECF No. 14; 25-cv-7576, ECF No. 14; 25-cv-9506, ECF No. 18]. Because the issues are the same in each case, the Court resolves all four motions together.

## II.    LEGAL STANDARD

The party that removes an action to federal court "bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011). A civil action that was filed in state court can be removed only if the federal district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

It is well established that, in some circumstances, a district court has federal question jurisdiction even though the complaint does not assert "a cause of action created by federal law." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005). In determining whether to exercise federal jurisdiction over state law claims, a district court must "apply the four-factor test

6

set forth in *Gunn* and *Grable*." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 140 (2d Cir. 2021). Under the *Grable-Gunn* test, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 140–41 (alteration omitted). "The *Grable-Gunn* test reflects the 'commonsense notion that a federal court ought to be able to hear' state law claims that 'turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.'" *Id.* at 141 (quoting *Grable*, 545 U.S. at 312).

## III.    DISCUSSION

The Court denies each of the four pending motions to remand because each case satisfies the four *Grable-Gunn* factors.

### A.  The Removed Actions Necessarily Raise Federal Issues.

The Second Circuit has held that a "state-law claim 'necessarily' raises federal questions where the claim is affirmatively 'premised' on a violation of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable*, 545 U.S. at 314). Both the Fitzgerald Complaint and the Johansen Complaint begin, in the very first paragraph, by expressly alleging that the pleadings are premised on "Regeneron's ***violation of federal law***." Fitzgerald Compl. ¶ 1 (emphasis added); Johansen Compl. ¶ 1 (emphasis added). Kuhns concedes that her sole claim for breach of fiduciary duties necessarily raises federal issues. Kuhns Mem. at 6. While Machek contends that "Plaintiff's claims for breach of fiduciary duties, waste, and unjust enrichment rely solely on state law and can be resolved without deciding any federal issues," this contention is untenable in light of the substance of the allegations in the

Machek Complaint.  Machek Mem. at 8.

As explained above, the claims in all of the complaints are rooted in allegations that Regeneron reported inflated ASP numbers for Eylea and Eylea HD.  *See* Fitzgerald Compl. ¶¶ 3, 4; Johansen Compl. ¶¶ 3, 4; Kuhns Compl. ¶ 3; Machek Compl. ¶ 5.  As each of the plaintiffs acknowledges in his or her complaint, it is a federal statute (together with federal regulations) that governs the calculation of ASP, which number is reported to a federal agency, for purposes of federal Medicare reimbursements.  *See* Fitzgerald Compl. ¶¶ 3, 4; Johansen Compl. ¶¶ 3, 4; Kuhns Compl. ¶ 3; Machek Compl. ¶ 5.  As such, any liability for plaintiffs' state law claims turns on whether Regeneron ran afoul of federal law.  *See Ball on behalf of Regeneron Pharms., Inc. v. Baker*, 2022 WL 17808785, at *4 (S.D.N.Y. Dec. 18, 2022).

## B.  The Federal Issues Are Actually Disputed.

Relatedly, the federal issues are actually disputed.  A federal issue is "actually disputed" when the issue or interpretation of federal law is a "central point of dispute."  *Gunn*, 568 U.S. at 259.  As explained above, Defendants' liability for the plaintiffs' state law claims turn on whether Regeneron violated federal law governing ASP calculations.  Defendants "vigorously dispute those allegations." Opp. at 15.  Indeed, whether Regeneron violated federal law is a matter of dispute in not only these removed actions, but also the DOJ Action in Massachusetts and the Securities Action and Consolidated Derivative Action pending before this Court.  As such, in light of the instructions from the Supreme Court and Second Circuit, the Court must consider the risk that remanding these case to state court would yield inconsistent decisions on the disputed issues of federal law.  *See Tantaros, LLC*, 12 F.4th at 140–41.

## C.  The Federal Issues Are Substantial.

The Court similarly concludes that the federal issues are substantial.  A federal issue is

8

"substantial" if it implicates "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. This factor of the *Grable-Gunn* test considers the "the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. As Defendants correctly point out, the federal issues here are substantial because they "implicate a complex federal regulatory scheme," *i.e.*, Medicare. Opp. at 15; *see Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 195 (2d Cir. 2005); *New York City Health & Hosps. Corp. v. WellCare of New York, Inc.*, 769 F. Supp. 2d 250, 257 (S.D.N.Y. 2011); *Ball on behalf of Regeneron Pharms., Inc.*, 2022 WL 17808785, at \*4.

## D.  Exercising Jurisdiction Does Not Upset the Federal-State Balance.

Finally, the Court can exercise jurisdiction over the removed cases without upsetting the federal-state balance. The Second Circuit has held that, "[a]bsent a special state interest in a category of litigation . . . federal questions that implicate substantial federal interests sensibly belong in a federal court." *Tantaros*, 12 F.4th at 146. While New York courts do have an interest in resolving claims under New York law, it is exceedingly common for federal courts to entertain shareholder derivative actions that assert state law claims. Indeed, the Consolidated Derivative Action pending before this Court already involves every state law claim raised in the four removed actions [*see* 25-cv-459, ECF No. 1 ¶¶ 124–143].

Accordingly, because each of the four *Grable-Gunn* factors is satisfied, it is appropriate for the Court to exercise jurisdiction over the four removed actions.

## IV.    CONCLUSION

Thus, for the reasons set forth above, the motions to remand [25-cv-5056, ECF No. 9; 25-cv-5058, ECF No. 9; 25-cv-7576, ECF No. 10; 25-cv-9506, ECF No. 12] are DENIED.

9

The Clerk of Court respectfully is requested to terminate: docket entry number 9 in case number 25-cv-5056; docket entry number 9 in case number 25-cv-5058; docket entry number 10 in case number 25-cv-9506, and docket entry number 12 in case number 25-cv-9506.

IT IS FURTHER ORDERED that case numbers 25-cv-5056, 25-cv-5058, 25-cv-7576, and 25-cv-9506 are hereby consolidated for all purposes under *In re Regeneron Pharmaceuticals, Inc. Derivative Litigation*, 25-cv-459.  All future submissions must be filed in case number 25-cv-459, which is currently stayed [*see* 25-cv-459, ECF No. 16].

As such, the Clerk of Court is further respectfully requested to close the member cases of 25-cv-459.

**SO ORDERED.**

Date:  **March 16, 2026**
         **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

10